**STATE of Missouri,
Plaintiff-Respondent,**

v.

**W.T. McLAURIN, Defendant-Appellant.**

**No. 48799.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 19, 1985.

Debra Buie Arnold, St. Louis, for defendant-appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CLEMENS, Senior Judge.

A jury found defendant W.T. McLaurin guilty of first degree burglary. The trial court sentenced him as a persistent offender to 30 years in prison. We affirm.

The only issue is whether the court abused its discretion in limiting defendant's cross-examination of police officer Ray. Defense counsel had sought to show an officer had kicked defendant after he had been arrested.

Evidence on the issue: First to arrive at the burglary scene was police officer Allen who later arrested defendant when he came out the back door. Just before this, officer Ray had been guarding the front door when defendant had tried to escape there but gave up when he saw officer Ray there. At trial defense counsel sought to cross-examine officer Ray, who had testified he had not seen defendant since the arrest at the burglary scene. This was about the alleged post-arrest kicking of defendant and defense counsel made this proffer:

"I'm not certain if this is, in fact, the police officer [of] which my client informs me. I think it is, but I'm not certain. I feel it would be my duty to ask the question if allowed to do so because I think it would have some bearing on his credibility. If he should, in fact, deny it, then I would allowed to call—impeach the witness."

The trial court sustained the prosecutor's objection, ruling: "I am still concerned about the materiality of that evidence. I don't see how it proves or disproves any element of the case." With that we agree.

As ruled in *State v. Daniels*, 649 S.W.2d 568 [3–4] (Mo.App.1983):

"The extent of cross-examination on collateral matters for the purpose of impeachment is largely within the trial court's discretion.... Absent a clear showing of any abuse of discretion by the trial court in restricting cross-examination, its ruling will not be disturbed."

See also *State v. Couvion*, 655 S.W.2d 80 [6–8] (Mo.App.1983).

Defense counsel had admitted she was unsure if this officer was the one who allegedly struck defendant. This alleged incident was irrelevant. As ruled in *State v. Hines*, 583 S.W.2d 204[1] (Mo.App.1979): "[F]ishing expeditions by counsel in collateral matters must have an end, and it must be left up to the trial court when a particular line of inquiry may or may not be pursued further."

These cases control our decision here.

CRIST, P.J., and CRANDALL, J., concur.