W.T. McLAURIN, Movant–Appellant,

v.

STATE of Missouri,
Respondent–Respondent.

No. 53755.

Missouri Court of Appeals,
Eastern District,
Division One.

June 7, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 6, 1988.

Application to Transfer Denied
Sept. 13, 1988.

Maria V. Perron, Asst. Public Defender, Clayton, for movant-appellant.

William L. Webster, Atty. Gen., L. Timothy Wilson, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

On August 21, 1983, at approximately 4:10 a.m., movant was seen in the house of the victim by two police officers as he attempted to flee. He was arrested at the rear of the house, and four cans of tuna were found in the front pockets of his pants. In the house, 11 cans of beer and a stereo receiver were found on the kitchen table. The victim identified the cans of tuna, beer, and receiver as her or her daughter's property. She testified the property was not where it had been left and movant did not have permission to enter her house or to take the property. She also corroborated the testimony of the officers. Movant was convicted by a jury of first-degree burglary and was sentenced as a persistent offender to 30 years in prison. We affirmed his conviction on direct appeal. *State v. McLaurin*, 688 S.W. 2d 56 (Mo.App.1985).

Movant filed a pro se Rule 27.26 motion, asserting numerous claims for relief. Counsel was appointed to represent movant, and an amended motion was filed, in which five instances of ineffective assistance of trial counsel were alleged. The motion court issued findings of fact and conclusions of law, denying movant's motion without an evidentiary hearing.

On appeal movant contends the court erred in denying his motion without an evidentiary hearing because he alleged sufficient facts to state a claim for relief. He argues he stated a claim of ineffective assistance of trial counsel in failing to contact and investigate a witness, Mary Duff.

■ Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson*, 719 S.W.2d at 915. To be entitled to an evidentiary hearing on a Rule 27.26 motion, the movant must allege facts, not conclusions, which, if true, would warrant relief; the allegations of fact must not be refuted by the record; and the matters complained of must have resulted in prejudice to the movant's defense. *Thomas v. State*, 736 S.W.2d 518, 519 (Mo.App.1987).

■ To prevail on an ineffective assistance of counsel claim, a movant must show both that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). Counsel has a duty to make a *reasonable* investigation or to make a reasonable decision that a particular investigation is unnecessary. *Richardson*, 719 S.W.2d at 915, citing *Strickland v. Washington*, 466 U.S. 668, 691, 104 S.Ct. 2052, 2066, 80 L.Ed. 2d 674 (1984) (emphasis ours). When an ineffective assistance of counsel claim is based on an alleged failure to investigate a witness, a movant must allege the specific information that counsel failed to discover, that a reasonable investigation would have disclosed the information, and that the information would have aided the movant's defense. *Thomas*, 736 S.W.2d at 519.

Movant alleged that he informed counsel of witness Mary Duff, that counsel failed to contact or investigate Ms. Duff, and that Ms. Duff would have testified she saw movant on the morning of the crime walking on the street where the victim's house was located when a police car pulled up and police officers arrested movant. The motion court found movant's allegation that counsel failed to investigate was refuted by the record.

At trial, in arguing in support of a request for a continuance to contact Ms. Duff, movant's counsel stated the following: movant originally gave her the name Mary Ann Duffy, but she was unable to locate this person; later movant gave her an address for a Mary Ann Duff; she wrote to Ms. Duff twice at this address, but received no response; she also wrote to movant's brother, asking for assistance in finding Ms. Duff, but received no reply; and, she made two unsuccessful efforts to locate Ms. Duff in person.

■ The record refutes movant's allegation that counsel failed to investigate

Mary Duff, and movant did not allege counsel unreasonably failed to make any further efforts to investigate this witness. Thus, movant failed to allege sufficient facts not refuted by the record entitling him to an evidentiary hearing. Moreover, even if movant's claim were otherwise sufficient, it would not warrant an evidentiary hearing because Mary Duff's alleged testimony would not provide an alibi for the time the crime was committed or provide a defense for movant, it would merely impeach the testimony of the police officers that movant was arrested at the rear of the victim's house. *Tate v. State*, 675 S.W.2d 89, 91 (Mo.App.1984); *Decker v. State*, 623 S.W.2d 563, 565 (Mo.App.1981).

■ Movant also contends, in the same point relied on, he stated a claim of ineffective assistance of counsel because he alleged his trial counsel failed "to make a timely written application for continuance as provided in Missouri Supreme Court Rule 24.09 accompanied by an affidavit setting forth the reasons for this continuance." We note counsel orally requested a continuance at the start of trial to enable her to locate defense witness Mary Duff, but the court, after being informed of counsel's efforts to locate the witness, denied the request. Movant's contention did not merit an evidentiary hearing because he failed to allege how he was prejudiced by his counsel's failure to file a written application for continuance. *Baker v. State*, 680 S.W.2d 278, 281 (Mo.App.1984).

In addition, to prevail on an ineffective assistance of counsel claim, movant must satisfy both the performance prong and the prejudice prong. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Sanders*, 738 S.W. 2d at 857. A motion court and this court may proceed directly to the issue of prejudice without first determining whether counsel's conduct was deficient. *Anderson v. State*, 747 S.W.2d 281, 283 (Mo.App. 1988). The record reveals the state made an extremely strong case, and it appears to us that had counsel been deficient, defendant would not have been prejudiced.

The findings and conclusions of the motion court are not clearly erroneous.

Judgment affirmed.

CRIST, P.J., and DOWD, J., concur.