UNITED STATES, Appellee,

v.

Kevin P. RUSSELL, Technical Sergeant,
U.S. Air Force, Appellant.

No. 96–1399.
Crim.App. No. 31730.

U.S. Court of Appeals for
the Armed Forces.

Argued Jan. 15, 1998.

Decided June 12, 1998.

For Appellant: *Captain Tishlyn Taylor* (argued); *Colonel Douglas H. Kohrt* (on brief); *Colonel David W. Madsen* and *Major Ormond R. Fodrea.*

For Appellee: *Lieutenant Colonel Michael J. Breslin* (argued); *Colonel Brenda J. Hollis* (on brief); *Captain Libby A. Brown.*

**140**

## Opinion of the Court

CRAWFORD, Judge:

Contrary to his pleas, appellant was convicted by officer members of wrongfully using marijuana in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. The convening authority approved the sentence of a bad-conduct discharge, 3 months' confinement, and reduction to the lowest enlisted grade. The Court of Criminal Appeals affirmed the findings and sentence following our remand. 46 MJ 413 (1997).

We specified the following issue for review: WHETHER APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHERE COUNSEL FAILED TO SEEK OUT OR REQUEST ADDITIONAL ASSISTANCE TO LOCATE APPELLANT'S BROTHER, A CRITICAL WITNESS TO THE DEFENSE OF INNOCENT INGESTION.

We hold that appellant failed to present sufficient facts to prevail on the ultimate issue.

## FACTS

Appellant tested positive for marijuana on three different occasions—September 14 and October 4 and 5 of 1994. At trial, appellant denied using marijuana and presented a good-character defense. Appellant testified that his brother was visiting him during the times he tested positive and speculated that his brother had spiked his meals.

Appellant's brother did not testify at appellant's court-martial. Appellant testified that he tried to contact his brother through their family, but his brother did not have a permanent address. Appellant also testified that his brother had been arrested twice for possessing 14 pounds of marijuana. Appellant stated that his brother cooked and made tea for him during the brother's visit.

Appellant's defense counsel did not request a subpoena or ask for any assistance in trying to locate appellant's brother.

As part of his clemency package, appellant submitted a letter from his brother to the convening authority. The letter informed the convening authority that the brother had added marijuana to appellant's spaghetti sauce without appellant's knowledge or consent.

## DISCUSSION

The Sixth Amendment guarantees a criminal defendant "Assistance of Counsel for his defence." We have stated: "Under both the Sixth Amendment to the Constitution and Article 27, UCMJ, 10 USC § 827, a military accused is guaranteed the effective assistance of counsel at the pretrial stage.... A military accused is also guaranteed the effective assistance of counsel at trial and post trial." *United States v. Fluellen,* 40 MJ 96, 98 (1994) (citations and footnote omitted); *see also United States v. Carter,* 40 MJ 102, 105 (1994).

This Court has unanimously adopted the test for ineffective assistance of counsel established in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). *United States v. Scott,* 24 MJ 186 (1987). The *Strickland* test uses a two-pronged inquiry to determine whether an appellant had ineffective assistance of counsel. The first prong is whether counsel's conduct was "below an objective standard of reasonableness." 466 U.S. at 688, 104 S.Ct. at 2065. Courts strongly presume that counsel has provided "adequate assistance." *Id.* at 690, 104 S.Ct. at 2066. The second prong is whether there was prejudice. *Id.* at 692, 104 S.Ct. at 2067.

As we stated in *Fluellen,* 40 MJ at 98, "It is important for counsel to evaluate all of the evidence and determine the strategy that is most likely to be successful." Prior to trial, counsel should decide, as a tactical matter, whether to call witnesses "because of their potential for impeachment and corroboration of the prosecution's case." *Id.* The accessibility of a witness is one of the criteria "that may affect what a reasonably competent attorney could be expected to have done under the circumstances...." *United States v. Cronic,* 466 U.S. 648, 666, 104 S.Ct. 2039, 2050, 80 L.Ed.2d 657 (1984).

To establish that trial defense counsel's conduct was below an objective standard of reasonableness, an appellant has

the responsibility to bring to an appellate court's attention facts rather than mere speculation. The Missouri Court of Appeals has stated that, to raise ineffectiveness of counsel for failure to investigate a witness, "a movant must allege the specific information that counsel failed to discover, that a reasonable investigation would have disclosed the information, and that the information would have aided the movant's defense." *McLaurin v. State*, 755 S.W.2d 341, 342 (1988). Similarly, we hold that, to raise ineffectiveness of counsel for failure to locate a witness, an appellant must allege specific information that counsel could have located the witness after a reasonable investigation, that the witness would have been available to testify, and that the substance of the witness's testimony would have assisted the appellant's defense. *See Doucette v. State*, 463 A.2d 741, 745–46 (Me.1983).

■ On remand of this case to the lower court, appellant did nothing to advance either the deficiency prong or the prejudice prong of *Strickland* from a speculative matter to a factual one. Appellant should have explained why trial defense counsel could have found his brother with reasonable diligence. He could have shown that trial defense counsel would have been able to locate the witness from information provided by appellant, his family and friends, or through official records such as a driver's license, insurance, or social security number. Additionally, appellant could have obtained an affidavit from his brother indicating that the brother would testify that he had put marijuana in appellant's food.

Appellant did not do any of these things. He has not put forward enough facts for this Court to hold that his trial defense counsel was ineffective. Appellant's conclusory allegations of ineffective assistance of counsel are not sufficient to overcome the presumption of competence afforded to counsel. *See State v. McLain*, 403 N.W.2d 16, 19 (N.D. 1987).

The decision of the United States Air Force Court of Criminal Appeals upon further review is affirmed.

Chief Judge COX and Judges GIERKE and EFFRON concur.

SULLIVAN, Judge (dissenting):

The majority opinion rebukes appellate defense counsel for dropping the ball when this case was remanded to the Court of Criminal Appeals. The majority states:

> On remand of this case to the lower court, appellant did nothing to advance either the deficiency prong or the prejudice prong of *Strickland* from a speculative matter to a factual one. Appellant should have explained why trial defense counsel could have found his brother with reasonable diligence. He could have shown that trial defense counsel would have been able to locate the witness from information provided by appellant, his family and friends, or through official records such as a driver's license, insurance, or social security number. Additionally, appellant could have obtained an affidavit from his brother indicating that the brother would testify that he had put marijuana in appellant's food.
>
> Appellant did not do any of these things. He has not put forward enough facts for this Court to hold that his trial defense counsel was ineffective.

48 MJ at 141.

The record before me shows a different picture. This Court remanded to the appellate court below on April 9, 1997, for that court to examine the issue of ineffective assistance of counsel with regard to the failure of defense counsel "to locate appellant's brother, a critical witness to the defense of innocent ingestion." Appellate government and defense were notified by the Judge Advocate General of this action on or about April 11, 1997. Nevertheless, the lower appellate court issued its second opinion on May 21, 1997, without soliciting any pleadings or any other information from the parties.

I would remand this case again to provide the parties a full and fair opportunity to contribute to the just resolution of this case and to provide this Court a complete record upon which we can decide the issue of effective assistance of counsel. In my view, either the decision of the court below was premature or appellate counsel did not ef-

fectively represent his client. Our Court remanded this case to the court below to consider whether there was ineffective assistance of counsel with regard to appellant's brother, a critical witness. We did this because we found the record too incomplete for us to make the legal determination of ineffective assistance of counsel. If we had had a complete record, we could have answered this question ourselves without the prior remand.

Once the case got to the court below, there was no additional factfinding done or any effort to complete this record. Perhaps in the future we should be more clear in our directions of how to gain more facts to complete a record when we remand. I hope in the future this is not necessary. General Patton often said, "Leadership consists of telling soldiers what you want done, not how to do it."

In this case, a fair appeal cannot take place unless the record is complete. I would remand and clear up the factual record by affidavit or otherwise before making the legal determination of effectiveness of counsel.