**UNITED STATES**

v.

**Diana M. PIETSCH, Construction Electrician Constructionman (E–3), U.S. Navy.**

**NMCCA 200201240.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 14 Jan. 1998.

Decided 30 June 2005.

Col K.S. Gunther, USMCR, Appellate Defense Counsel.

Capt Rolando Sanchez, USMC, Appellate Defense Counsel.

Capt Glen Hines, USMC, Appellate Government Counsel.

Before DORMAN, Chief Judge, CARVER, Senior Judge, and WAGNER, Appellate Military Judge.

WAGNER, Judge:

The appellant entered mixed pleas before a special court-martial composed of officer and enlisted members. Pursuant to her pleas, the military judge found the appellant guilty of larceny and adultery, in violation of Articles 121 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 934. Contrary to the appellant's pleas, the members found her guilty of conspiracy to commit an assault consummated by a battery, violating a lawful general order by possession of drug paraphernalia, and assault consummated by a battery, in violation of Articles 81, 92, and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 892, and 928. The members

sentenced the appellant to a bad-conduct discharge, confinement for 30 days, forfeiture of $600.00 pay per month for 1 month, and reduction to pay grade E–1. There was no pretrial agreement. The convening authority approved the sentence as adjudged.

The appellant claims that the military judge erred in failing to grant her motion for a directed verdict because the evidence adduced at trial was legally and factually insufficient to support the findings of guilty as to assault consummated by a battery and conspiracy to commit that offense; that the evidence adduced at trial was factually insufficient to support a finding of guilty to the violation of a lawful general order by possessing drug paraphernalia; that she was denied the effective assistance of counsel at trial; and that she has been denied speedy post-trial processing of her court-martial. In response to an issue specified by this court, the appellant contends that she was materially prejudiced when the military judge abandoned his impartial role in the questioning of witnesses.

After carefully considering the record of trial, the appellant's assignments of error, the Government's response, the appellant's reply brief, and the briefs of appellate counsel on the specified issue, we conclude that the findings of guilty to conspiracy to commit an assault consummated by a battery, violating a lawful general order by possession of drug paraphernalia, and assault consummated by a battery must be set aside. We will take corrective action in our decretal paragraph. After modification of the findings and reassessment of the sentence, we find no other error materially prejudicial to a substantial right of the appellant. *See* Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

### Facts

The appellant admitted during the military judge's inquiry into the providence of her guilty pleas that she stole two compact discs from the unit mailroom and that she committed adultery. The remaining charges were hotly contested before officer and enlisted members.

The Government presented the testimony of five witnesses during its case-in-chief. The appellant's paramour testified as to the appellant's involvement in the planning of a battery that he and another male committed on the appellant's husband. The appellant's husband testified to the assault and events leading up to it, as well as events surrounding the appellant's alleged possession of a marijuana pipe. A master-at-arms testified as to a voluntary statement he had taken from the appellant in which she admitted knowledge of the assault before it occurred, but denied participation in the planning or execution of the crime. The final two witnesses testified as to the appellant's alleged possession of a marijuana pipe that she turned over to them at her on-base residence.

The defense called one of the appellant's neighbors as a witness regarding the appellant's alleged possession of the marijuana pipe. The defense also recalled two of the Government witnesses. The appellant did not testify.

One of the central issues on appeal is the allegation that the trial defense counsel did not discuss with the appellant her right to testify during the trial. The appellant alleges that, under the circumstances of this case, she would have testified in her own defense on the contested charges had the topic been broached with her by counsel. She further claims that her failure to testify under the specific circumstances of this case acted to her substantial prejudice.

The trial defense counsel, in an affidavit, states that he has no recollection of whether he did or did not discuss the appellant's right to testify with her during trial. He does state that he believes he did, based on his standard practice. The appellant states unequivocally in her affidavit that no such discussion ever took place.

### Post–Trial Delay

Based on the unique facts presented in this case, we address first the issue of post-trial delay. The appellant alleges that she was denied the right to a speedy review of her court-martial and that we should set aside the findings and sentence.

■ We consider four factors in determining if post-trial delay violates the appellant's due process rights: (1) the length of the delay, (2) the reasons for the delay, (3) the appellant's assertion of the right to a timely appeal, and (4) prejudice to the appellant. *United States v. Jones*, 61 M.J. 80 (C.A.A.F.2005)(citing *Toohey v. United States*, 60 M.J. 100, 102 (C.A.A.F.2004)). If the length of the delay itself is not unreasonable, there is no need for further inquiry. If, however, we conclude that the length of the delay is "facially unreasonable," we must balance the length of the delay with the other three factors. *Jones*, 61 M.J. at 83. Moreover, in extreme cases, the delay itself may "give rise to a strong presumption of evidentiary prejudice." *Id.* at 83.

■ The appellant was sentenced on 14 January 1998. The convening authority took action on 1 November 1998. The record of trial was not received by this court for docketing until 1 July 2002, 4 years and 6 months after the court-martial adjourned. There is no explanation in the record for the delay. In the course of events, the 547–page record of trial, with contested charges and complex issues, was not finally briefed by counsel for both sides until 19 April 2005. Based on the unexplained delay in transmitting the record of trial to this court after the convening authority took action, we find that the delay is facially unreasonable, triggering a due process review.

■ Since there is explanation in the record, we look to whether the appellant asserted her right to a timely review. We find no formal assertion of the right to a timely appeal, but note that the appellant contacted military authorities during the pendency of her appeal to check on the outcome of her case.

Turning finally to the issue of prejudice, we find that the trial defense counsel's affidavit, wherein he states that he does not remember specific details of the appellant's court-martial, establishes prejudice resulting from the delay. This is so because one of the primary allegations of ineffective assistance of counsel involves whether the trial defense counsel discussed the right to testify with the appellant in the context of the trial. The

appellant claims that there was no discussion of her testifying at trial. Without such a discussion, in the context of a hotly contested case such as this, this court cannot rely on the presumption of competence to find that the appellant's failure to testify in her own defense was an informed waiver of that right. *See United States v. Cronic*, 466 U.S. 648, 658, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984); *United States v. Russell*, 48 M.J. 139, 140 (C.A.A.F.1998). In short, because of the passage of time, the appellant has been denied evidence critical to the determination of an issue central to her allegation of error; that is, the recollection of her trial defense counsel.

Thus, we conclude that there has been a due process violation due to the post-trial delay. The violation affects only those charges that were contested at trial. The offenses to which the appellant pled guilty were not impacted in any way by the issue of whether or not the appellant testified on the contested charges. We will take corrective action in our decretal paragraph.

As a result of our action on the findings, we will also reassess the sentence in accordance with the principles of *United States v. Cook*, 48 M.J. 434 (C.A.A.F.1998); *United States v. Peoples*, 29 M.J. 426, 428 (C.M.A. 1990); and *United States v. Sales*, 22 M.J. 305, 307–08 (C.M.A.1986).

### Conclusion

As a result of our resolution of the above allegation of error in the appellant's favor, the remaining assignments of error are moot.

The findings of guilty to Charges I, II, and V and their supporting specifications are set aside and dismissed. The remaining findings of guilty are affirmed. Upon reassessment of the sentence, and in light of the lack of timely review, only so much of the sentence that includes confinement for 30 days, forfeiture of $600.00 pay per month for 1 month, and reduction to pay grade E–1 is affirmed.

Chief Judge DORMAN and Senior Judge CARVER concur.