# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
PEDE, LIND, and KRAUSS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist SARAH D. GRANT**
**United States Army, Appellant**

ARMY 20120882

Headquarters, XVIII Airborne Corps and Fort Bragg
Tara A. Osborn and David H. Robertson, Military Judges
Colonel Paul S. Wilson, Staff Judge Advocate

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Captain Jack D. Einhorn, JA; Captain Ian M. Guy, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Elisabeth A. Claus, JA; Captain Timothy C. Erickson, JA (on brief).

15 May 2014

---------------------------------
MEMORANDUM OPINION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

LIND, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to her pleas, of one specification of attempted larceny; two specifications of violation of a lawful general order; three specifications of wrongful use of a controlled substance; one specification of wrongful possession of a controlled substance; two specifications of communicating a threat, and two specifications of child endangerment, in violation of Articles 80, 92, 112a, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 892, 912a, 934 (2012) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for eighteen months, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved the adjudged sentence.

This case is before the court for review pursuant to Article 66, UCMJ. Appellant raises one assignment of error alleging that she received ineffective

assistance of counsel during the post-trial phase of her court-martial.  We find this issue merits discussion but no relief.  Additionally, we find those matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), are without merit.

## BACKGROUND

In a declaration under penalty of perjury dated 5 April 2013 submitted to this court, appellant alleges that while she was serving her sentence to confinement at Miramar, California, her trial defense counsel, Major (MAJ) WD, failed to contact her regarding her clemency matters.

Appellant further avers that she mailed MAJ WD a personal clemency letter to the address provided by MAJ WD, that her letter was not in her clemency matters, and that, instead of asking the convening authority to disapprove her bad-conduct discharge as appellant's letter requested, MAJ WD requested reduction in confinement in the Rule for Court-Martial [hereinafter R.C.M.] 1105 matters he submitted on appellant's behalf.  Appellant states in her declaration that her "main goal of clemency was to request that the bad-conduct discharge be disapproved." Appellant describes the content of her clemency letter in her declaration:

> In the clemency letter I wrote and mailed to MAJ [WD] for inclusion in my clemency matters, I briefly explained my history of addiction, took responsibility for my actions, and made a request for clemency.
> I explained to the convening authority that I injured my leg in a non-combat accident in Afghanistan.  After getting injured I did not heal and then reinjured myself.  I explained to the convening authority that I became addicted to pain killers.  I recounted how I went to in-patient rehabilitation.  Upon release, my counselors recommended that I continue to receive intensive out-patient one-on-one treatment. . . . I was never provided with intensive out-patient treatment.  I was only enrolled in the Army Substance Abuse Program (ASAP). . . . [U]pon release from in-patient treatment my unit wanted to move me to another unit.  I had a meeting with my command and the ASAP Counselor and expressed my concerns about moving to the new unit.  I had serious concerns about going to the new unit since the person who provided me with pills was in the new unit.  I was told that I would not be moved.  However, I was moved to the new unit.  I relapsed and started to abuse pills again and then I was involved in the misconduct on 20 January 2012. . . . I

> requested that the convening authority to grant clemency by disapproving my bad-conduct discharge. . . . I was still recovering from the injury to my leg that occurred in Afghanistan. . . . I wanted to simply be able to receive treatment for my injury upon my discharge.

Appellant also alleges she "recently learned" that MAJ WD did not submit to the convening authority a request to defer her adjudged and automatic forfeitures or her adjudged reduction in rank even though she advised MAJ WD to request the deferments when she filled out the "do want to request deferment" blocks in her Post-Trial and Appellate Rights Advisement Form.[1] Appellant argues these failures by MAJ WD resulted in a violation of her Sixth Amendment right to effective assistance of counsel in the post-trial phase of her trial.

The government submitted an affidavit from MAJ WD dated 10 October 2013. In his affidavit, MAJ WD states that prior to appellant being taken into custody, he spoke with her regarding her R.C.M. 1105 matters and provided her with his mailing address. Major WD acknowledges his receipt of appellant's handwritten letter. He states that he transcribed the contents of the letter "to a typed memorandum submitted to the convening authority." MAJ WD avers that:

> In [appellant's] letter to me, she did not indicate that she wanted the handwritten letter submitted as opposed to me transcribing her letter nor did she ask for her discharge to be disapproved. She was primarily concerned about the amount of time she would be serving in confinement. Her handwritten letter was transcribed due to the fact that it was illegible.

Finally, MAJ WD states he "advised [appellant] of her options regarding deferment of forfeitures of pay and reduction in rank" and that after reviewing his case notes, he has "no recollection of her requesting a deferment of forfeitures in pay or in reduction in rank."

On 18 December 2012, MAJ WD submitted a memorandum without enclosures to the convening authority requesting clemency for appellant pursuant to R.C.M.

---

[1] We note that on 2 November 2012, appellant acknowledged receipt of the staff judge advocate's recommendation, which stated "Deferments or Waiver Requests: None." Major WD submitted clemency matters on behalf of appellant on 18 December 2012.

1105. The memorandum explained appellant's history of addiction; her injury in Afghanistan; her prescription for Percocet; her self-medication; her self-referral to ASAP, her in-patient treatment, sobriety for five months, and relapse upon transfer to a new unit despite assurances appellant would not be transferred; appellant's expressed remorse for her crimes and steps toward rehabilitation; and mitigating circumstances of appellant's childhood and history of medical conditions. Major WD requested that the convening authority reduce appellant's term of confinement from eighteen months to ten months. The convening authority declined to grant appellant any clemency.

## LAW

The Sixth Amendment guarantees an accused the right to effective assistance of counsel. *United States v. Gooch*, 69 M.J. 353, 361 (C.A.A.F. 2011) (citing *United States v. Gilley*, 56 M.J. 113, 124 (C.A.A.F. 2001)). This guarantee extends to assistance during the post-trial phase of a court-martial. *United States v. Lee*, 52 M.J. 51, 52 (C.A.A.F. 1999). We review claims that an appellant did not receive effective assistance of counsel de novo. *United States v. Datavs*, 71 M.J. 420, 424 (C.A.A.F. 2012).

"In order to prevail on a claim of ineffective assistance of counsel, an appellant must demonstrate both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice." *United States v. Green*, 68 M.J. 360, 361-62 (C.A.A.F. 2010) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). When assessing *Strickland*'s first prong, courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Datavs*, 71 M.J. at 424 (quoting *Strickland*, 466 U.S. at 689). When assessing *Strickland*'s second prong, "appellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Lee*, 52 M.J. at 53 (citation and internal quotation marks omitted). In the context of a post-trial claim for ineffectiveness, our superior court has modified the prejudice prong test, requiring only that there be some "colorable showing of possible prejudice." *Id.* (quoting *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998)). When reviewing a claim of ineffectiveness, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant." *Datavs*, 71 M.J. at 424 (quoting *Strickland*, 466 U.S. at 697).

Appellant "bears the burden of establishing the truth of the factual allegations that would provide the basis for finding deficient performance." *United States v. Tippit*, 65 M.J. 69, 76 (C.A.A.F. 2007). "[A]ppellant has the responsibility to bring to an appellate court's attention facts rather than mere speculation." *United States v. Russell*, 48 M.J. 139, 140-41 (C.A.A.F. 1998). When there is a factual dispute, we determine whether further fact finding is required under *United States v. Ginn*,

47 M.J. 236, 248 (C.A.A.F. 1997). If the facts alleged by appellant would not result in relief under the high standard set by *Strickland*, or if appellant's submission does not set forth specific facts but consists instead of speculative or conclusory observations, we may address the claim without the necessity of resolving the factual dispute. *Ginn*, 47 M.J. at 248.

## ANALYSIS

After consideration of the record of trial, the pleadings, and the post-trial declaration and affidavit, we conclude a fact-finding hearing is not required in this case. Applying the first *Ginn* factor, even if we agree with appellant's assertions that she: (1) intended the clemency letter be included in her post-trial matters, (2) requested her discharge be disapproved; and (3) requested deferment of adjudged and automatic forfeitures and adjudged reduction in rank, appellant has failed to establish a colorable showing of possible prejudice. *See id.*; *Lee*, 52 M.J. at 53.

With regard to the failure to enclose appellant's hand-written clemency letter in her post-trial matters, we find no colorable showing of possible prejudice because the R.C.M. 1105 matters submitted by MAJ WD incorporated substantially all of the factual matters appellant posits her personal letter would have explained to the convening authority.[2]

Regarding appellant's assertion that she wanted to request her discharge be disapproved rather than her confinement time reduced, we do not find any "reasonable probability of a more favorable action by the convening authority" had her request been submitted, *United States v. Clemente*, 51 M.J. 547, 552 (Army Ct. Crim. App. 1999), and conclude that appellant has failed to make "some colorable showing of possible prejudice." *Lee*, 52 M.J. at 53. Appellant avers in her declaration that she was seeking disapproval of the bad-conduct discharge because she is "still recovering from the injury to [her] leg that occurred in Afghanistan . . . and simply wanted to receive treatment for [her] injury upon [her] discharge." However, she has presented, and the record reveals, no evidence that she is currently under continuing care for her ankle injury or requires any future treatment of her injury. We find the convening authority would have approved her bad-conduct discharge, despite the purported contents of appellant's letter, in light of the nature of her crimes, the dangerous circumstances in which she placed her victims, and the fact that appellant received a lesser sentence to confinement than the cap agreed to

---

[2] Although appellant's letter would have provided a personal plea for clemency, most of the information appellant describes in her declaration was also presented to the convening authority in her unsworn statement at trial and the handwritten letter she submitted as a sentencing defense exhibit.

by the convening authority in the quantum portion of the pretrial agreement. *See Clemente*, 51 M.J. at 552*; United States v. Hood*, 47 M.J. 95, 97-98 (C.A.A.F. 1997); *Lee*, 52 M.J. at 53. Furthermore, before taking action, the convening authority considered appellant's R.C.M. 1105 submission, including substantially all of the matters in appellant's letter and the request for disapproval of eight months of confinement, and declined to grant appellant any clemency. *Cf. Lee*, 52 M.J. at 53.

Finally, with regard to the failure to submit a request for deferment of automatic and adjudged forfeitures and adjudged reduction in rank, appellant also makes no colorable showing of possible prejudice. First, appellant erroneously argues that per se prejudice results from a defense counsel's failure to submit a request for deferment when an appellant has checked the "do request" block on the Post Trial and Appellate Rights Form. Second, appellant fails to meet her burden of showing the R.C.M. 1101(c)(3) test balances in favor of deferment.[3] Appellant's declaration offers nothing upon which a deferment of forfeitures or rank might be supported under R.C.M. 1101(c)(3). The missing letter appellant describes in her declaration contains no reference to financial difficulty or desired relief from financial constraints imposed by the sentence. Finally, our review of the record also indicates an insufficient basis upon which to establish a colorable showing of possible prejudice. We note appellant's Enlisted Records Brief (ERB) states she is married with no children, however appellant made no reference to any dependents during her unsworn statement at trial, her sentencing case, or in her declaration. On her Appellate Rights Advisement Form, block 11(g), appellant did not address whether she had dependents and did not request waiver of forfeitures. The only financial difficulty to which appellant alluded is in her sworn statement during sentencing when she stated, "I understand that I'm probably going to lose my very first house that I worked so long and hard to get; took [sic] it away so easily when my pay gets stopped," and in her personal letter submitted during sentencing, in which she stated, "I may lose my first house when my pay gets stopped," which both comprise mere speculation. *See Russell*, 48 M.J. at 140-41; *Ginn*, 47 M.J. at 248. There's nothing in the record or the declaration to suggest appellant actually suffered financial difficulty or any indication whatsoever of an intent to provide for a dependent. Thus, appellant has failed to demonstrate a colorable showing of possible prejudice from any alleged failure by MAJ WD to request deferment of automatic and adjudged forfeitures and reduction in rank to the convening authority on her behalf. As such, her allegation of post-trial ineffective assistance of counsel fails.

---

[3] R.C.M. 1101(c)(3) requires appellant to demonstrate that "the interest of [appellant] and the community in deferral outweigh the community's interests in imposition of the punishment on its effective date."

## CONCLUSION

The findings of guilty and the sentence are AFFIRMED.

Chief Judge PEDE and Judge KRAUSS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court