# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Staff Sergeant HENRY G. BRAVO**
**United States Army, Appellant**

ARMY 20130109

Headquarters, Fort Carson
Kurt Bohn, Military Judge
Colonel John S.T. Irgens, Staff Judge Advocate

For Appellant: Colonel Kevin Boyle, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Major Vincent T. Shuler, JA; Captain Patrick J. Scudieri, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Captain Sean P. Fitzgibbon, JA (on brief).

27 August 2014

-----------------------------------
SUMMARY DISPOSITION
-----------------------------------

CAMPANELLA, Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of three specifications of larceny, in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921 (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for six months, and reduction to the grade of E-1. The convening authority approved the adjudged sentence.

This case is before us for review under Article 66, UCMJ. Appellant raises two assigned errors, one of which requires discussion but no relief. Appellant argues he received ineffective assistance of counsel because his defense counsel did not communicate appellant's willingness to assist the prosecutors in prosecuting others in exchange for a more favorable pretrial agreement. Appellant also asserts his counsel was ineffective by not presenting evidence of traumatic brain injury (TBI) appellant purportedly received while deployed in Afghanistan. We also find the matters raised personally by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), have no merit.

## BACKGROUND

While deployed to Afghanistan, appellant and other lower-ranking soldiers broke into an Army Air Force Exchange Service storage unit on three separate occasions and stole various items, including electronics, chewing tobacco, and knife sharpeners. In accordance with his pretrial agreement, appellant pleaded guilty to three specifications of larceny. In exchange for appellant's guilty plea, the convening authority referred appellant's case to a special court-martial authorized to adjudge a bad-conduct discharge with no other punishment limitation.

In a sworn affidavit, appellant now alleges that prior to trial he asked his defense counsel, Captain (CPT) JH, to tell the prosecutors he was willing to share information on others involved in the scheme in exchange for a better pretrial agreement. Appellant states that CPT JH told him he brought the information to the prosecutor, but the prosecutor did not want or need appellant's cooperation. Appellant now believes CPT JH did not discuss with the government appellant's willingness to help in other cases.

Buttressing his assertion that CPT JH did not offer appellant's cooperation to the government as an incentive for a better pretrial agreement, appellant submitted an affidavit from Mr. MH, his civilian defense counsel who handled appellant's post-trial and clemency matters. Mr. MH states that after trial, he reached out to the government to offer information appellant possessed about a co-conspirator named "Archie." Mr. MH indicated that the government was interested in the information and wondered why it had not been provided earlier.

A trial counsel who joined the government's prosecutorial team after the original trial counsel changed duty stations indicated there was some interest in receiving appellant's information about "Archie."

Appellant now asserts he would not have signed the pretrial agreement if he "knew" his defense counsel did not discuss his offer to cooperate with the government.

Captain JH submitted an affidavit responding to appellant's claims. He indicates that before the court-martial, he reached out to the government regarding a better pretrial agreement for appellant in exchange for appellant's cooperation in other cases, but the trial counsel responded that the existing plea offer was the best deal available to appellant. Captain JH was aware from other defense counsel representing co-accused in the case that others were already negotiating with the government and appellant's information was not needed.

Supporting defense counsel's assertions, the government submitted an affidavit from the trial counsel who prosecuted the case, CPT JM, who confirms CPT

JH approached him about a better deal but the government was not interested. Captain JM stated the cases against appellant and his companions were strong and did not require appellant's testimony. Furthermore, CPT JM believed appellant's status as the senior member among the co-accused was "extremely aggravating" and that appellant was "in the best position . . . to not only stop the crimes, but to have prevented them from ever occurring." Captain JM stated "[t]here was no reason to negotiate further with Defense or to secure [appellant's] cooperation against any other Defendant."

Appellant also asserts his defense counsel was ineffective because he did not introduce evidence that appellant was diagnosed with TBI resulting from mortar fire in Afghanistan. Appellant describes his treatment but does not provide medical records to support his allegation. Appellant alleges he informed CPT JH that he had TBI, but CPT JH advised him that evidence of TBI "would be going against [his] character and therefore [he] should not bring it up."

Captain JH denies appellant told him about specific combat experience or TBI he suffered as a result of combat. Appellant's enlisted record brief (ERB) does not denote appellant receiving a Combat Action Badge, Purple Heart, or any other award or citation indicating direct combat experience, which may have alerted defense counsel to possible TBI or valorous acts.

## LAW AND DISCUSSION

The Sixth Amendment guarantees an accused the right to the effective assistance of counsel. *United States v. Gooch*, 69 M.J. 353, 361 (C.A.A.F. 2011) (citing *United States v. Gilley*, 56 M.J. 113, 124 (C.A.A.F. 2001)). To establish that his counsel was ineffective, appellant must demonstrate "both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice." *United States v. Green*, 68 M.J. 360, 361-62 (C.A.A.F. 2010) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

We review both prongs of the *Strickland* test de novo. *United States v. Mazza,* 67 M.J. 470, 474 (C.A.A.F. 2009) (citing *United States v. Anderson,* 55 M.J. 198 (C.A.A.F. 2001); *United States v. Wean,* 45 M.J. 461, 463 (C.A.A.F. 1997)). Under the first prong, appellant must show "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland,* 466 U.S. 687. When challenging the performance of trial defense counsel, the appellant "bears the burden of establishing the truth of the factual allegations that would provide the basis for finding deficient performance." *United States v. Tippit*, 65 M.J. 69, 76 (C.A.A.F. 2007) (citation omitted). Generally, appellate courts "will not second-guess the strategic or tactical decisions made at trial by defense counsel." *Mazza,* 67 M.J. at 475 (citations omitted).

The prejudice prong of the test for ineffective assistance of counsel requires a showing that the "counsel's errors were so serious as to deprive the [accused] of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. The test is whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

"On appellate review, there is a 'strong presumption' that counsel was competent." *United States v. Grigoruk*, 56 M.J. 304, 306–07 (C.A.A.F. 2001) (citing *Strickland*, 466 U.S. at 689); *United States v. Cronic*, 466 U.S. 648, 658 (1984). To determine whether appellant has overcome this presumption of competence, we apply the three-part test articulated by our superior court's predecessor in *United States v. Polk*:

> 1. Are the allegations true, and, if so, is there a reasonable explanation for counsel's actions?
>
> 2. If the allegations are true, did counsel's performance fall measurably below expected standards?
>
> 3. Is there a reasonable probability that, absent the errors, there would have been a different outcome?

32 M.J. 150, 153 (C.M.A. 1991).

As a threshold matter, we must determine whether the multiple affidavits here are in material factual conflict. *See United States v. Ginn*, 47 M.J. 236, 248 (C.A.A.F. 1997) (establishing several factors which determine whether an evidentiary hearing is warranted). Applying the *Ginn* factors, we conclude that an evidentiary hearing is not warranted and that appellant has not met his burden of establishing ineffective assistance of counsel.

### a. Pretrial Negotiations

There is no material factual dispute regarding the pretrial negotiations. Appellant asked CPT JH to reach out to the prosecutors about his willingness to cooperate in other cases. Captain JH swears that he did so and prosecutors were not interested in appellant's cooperation. The affidavit from the trial counsel corroborates CPT JH's affidavit in this regard, and the affidavits from the attorneys who only began work on the case during the post-trial phase do not establish material factual conflicts, because they never worked on pretrial negotiations. Appellant admits that CPT JH relayed this to him. Appellant's affidavit expresses doubts as to whether CPT JH spoke with the prosecutors, but the record and appellate pleadings "'compellingly demonstrate' the improbability of" those doubts.

*Id.* The evidence does not support CPT JH's performance fell measurably below expected standards when negotiating with the government.

### b. Combat Experience and TBI

Appellant fails to provide documentary evidence establishing a TBI diagnosis or direct combat exposure resulting in valorous awards. The only evidence in the record and appellate filings of TBI or combat experience is appellant's sworn statement. Appellant notes he could have submitted supporting documents but has not submitted documents to this court. Appellant's ERB does not reflect that appellant received a Purple Heart or a Combat Action Badge. Captain JH denies appellant's accusation.

Our superior court has stated, "[i]n most ineffectiveness cases, an accused is in the best position to identify relevant information and present it to the appellate court. When factual information is central to an ineffectiveness claim, it is the responsibility of the defense to make *every feasible effort* to obtain that information and bring it to the attention of the appellate court." *United States v. Moulton*, 47 M.J. 227, 230 (C.A.A.F. 1997) (emphasis added); *cf. United States v. Russell*, 48 M.J. 139, 141 (C.A.A.F. 1998) (when claiming ineffective assistance of counsel for failure to present the testimony of a particular witness, an appellant must specifically allege the precise substance of the witness' missing testimony). Part of every feasible effort would be providing supporting evidence in support of his claim of TBI as a result of his combat experience. Without this factual predicate, appellant has not met his burden under *Strickland*.

### CONCLUSION

Upon consideration of the entire record, the findings of guilty and the sentence as approved by the convening authority are AFFIRMED.

Senior Judge TOZZI and Judge CELTNIEKS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

5