# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant ERIC D. SIMON**
**United States Army, Appellant**

ARMY 20160312

Headquarters, 1st Cavalry Division (Rear)(Provisional)
Douglas K. Watkins, Military Judge
Colonel Oren H. McKnelly, Staff Judge Advocate (pretrial)
Lieutenant Colonel Scott E. Linger, Staff Judge Advocate (post-trial)

For Appellant:  Major Christopher D. Coleman, JA; Captain Joshua G. Grubaugh, JA (on brief).

For Appellee:  Lieutenant Colonel A.G. Courie III, JA; Major Michael E. Korte, JA (on brief).

16 June 2017

---------------------------------
SUMMARY DISPOSITION
---------------------------------

FEBBO, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of sexual abuse of a child under 12 years old, possession of child pornography and distribution of child pornography, in violation of Articles 120b and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920 and 934 (2012) [hereinafter UCMJ].  The military judge sentenced appellant to a dishonorable discharge, confinement for forty-two months, and reduction to the grade of E-1.  The convening authority approved the adjudged sentence.

This case is before us for review pursuant to Article 66, UCMJ.  Appellant raises one issue that does not merit detailed discussion or relief.[1]  Two matters

---

[1] Appellant seeks relief for dilatory post-trial processing of his case.  The government took 196 days from sentence to action in a case with a 120-page record of trial. We find no due process violation in the post-trial processing of appellant's

(continued…)

personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982)—that his attorney was ineffective during presentencing and the actual images of child pornography had to be introduced as evidence to support his guilty plea—warrant discussion but no relief.

## BACKGROUND

Appellant was caught surreptitiously taking pictures of female children at an amusement park. A subsequent criminal investigation uncovered more than 200 images of child pornography, child erotica, and nude pictures of children on appellant's computer. The images of child pornography showed minors, as young as two years of age, engaging in sexual intercourse with adults or other minors. The images included minors masturbating, engaging in fellatio, anal sodomy, and other sexual acts with adults. One of the images included a minor engaging in sexual acts with a dog.

Appellant obtained these images by searching the "dark web" for child pornography. Using an instant messaging application, appellant distributed images of child pornography. Appellant also committed lewd acts upon a child when he photographed his spouse, while in the presence of a child, nude and engaging in sexual conduct.

The charged offenses included possession of more than 20 images of child pornography and distribution of 10 images of child pornography. Appellant and the convening authority entered into a pre-trial agreement wherein the appellant agreed to plead guilty to the offenses and enter into a stipulation of fact with the government.

During appellant's guilty plea, the government introduced the stipulation of fact. The parties did not introduce into evidence the actual images of child pornography. As part of the providence inquiry, the military judge had appellant describe each of the images of child pornography and explain why he believed he knowingly and wrongfully possessed and distributed child pornography.

---

(…continued)
 case. Considering the unjustified dilatory post-trial processing and the offenses of which appellant was convicted, we nonetheless find the sentence was appropriate. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."). *See generally United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006).

**LAW AND DISCUSSION**

*1.  Ineffective Assistance of Counsel During Presentencing*

We review claims that an appellant did not receive effective assistance of counsel de novo.  *United States v. Akbar*, 74 M.J. 364, 379 (C.A.A.F. 2015); *United States v. Datavs*, 71 M.J. 420, 424 (C.A.A.F. 2012).  "In order to prevail on a claim of ineffective assistance of counsel, an appellant must demonstrate both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice."  *United States v. Green*, 68 M.J. 360, 361-62 (C.A.A.F. 2010) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

When assessing *Strickland*'s second prong for prejudice, we require a showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Strickland*, 466 U.S. at 694.  That requires a "substantial," not just "conceivable," likelihood of a different result. *Harrington v. Richter*, 562 U.S. 86, 112 (2011).  "An appellant must establish a factual foundation for a claim of ineffectiveness; second-guessing, sweeping generalizations, and hindsight will not suffice."  *United States v. Davis*, 60 M.J. 469, 473 (C.A.A.F. 2005) (citing *United States v. Key*, 57 M.J. 246, 249 (C.A.A.F. 2002)).

As far as presentencing procedures, ineffective assistance of counsel can occur when counsel fails to introduce evidence that would be of value to the accused in extenuation and mitigation.  *United States v. Boone*, 49 M.J. 187, 196 (C.A.A.F. 1998).

Appellant provided the court with a sworn affidavit detailing his criticisms of his defense counsel for not presenting live in-court testimony during presentencing. Appellant claims his counsel never fully explained the importance of presentencing character witnesses.  Instead, the character letters submitted to the court were merely templates that focused on why appellant should stay in the Army instead of appellant's general good character and steps that he had taken to rehabilitate himself.  Appellant asserts if he had known about the importance of presentencing witnesses, he would have requested the individuals that wrote letters to testify in person.  Appellant states he would have also called his spouse and another individual to testify on his behalf.  However, the record does not support appellant's assertion that his counsel was ineffective for not presenting live testimony during sentencing at trial.

First, appellant signed an offer to plead guilty and specifically waived production of witnesses at government expense from outside a 50-mile radius of the trial location.  Appellant agreed that telephonic testimony or stipulations of expected testimony were an admissible substitute for live witness testimony at trial.

Second, appellant has not established that the personal appearance of the witnesses would have provided anything that was not already contained in the letters submitted at trial. The military judge explained to appellant that he could present sentencing evidence to include documentary evidence and sentencing witnesses. Appellant stated on the record he understood his rights to present extenuation and mitigation evidence at trial.

"[W]hen claiming ineffective assistance of counsel for failure to present the testimony of a particular witness, an appellant must specifically allege the precise substance of the witness' missing testimony." *United States v. Clemente*, 51 M.J. 547, 550-51 (Army Ct. Crim. App. 1999) (citing *United States Russell*, 48 M.J. 139, 141 (C.A.A.F. 1998); *United States v. Moulton*, 47 M.J. 227, 229 (C.A.A.F. 1997), *cert. denied*, 522 U.S. 1114 (1998)). To support a claim for ineffective assistance of counsel, facts must be included in a statement, by someone with personal knowledge, that is a sworn affidavit or a declaration made under penalty of perjury for this court to consider the statement on appeal. *United States v. Cade*, 75 M.J. 923, 929 (Army Ct. Crim. App. 2016), *pet. denied,* 76 M.J. 133 (C.A.A.F. 2017).

For the witnesses that already provided statements during sentencing, appellant has not provided sworn affidavits or declarations from the witnesses of what they would have testified to differently in-person. Similarly, he does not provide affidavits or declarations from his spouse and his purported additional witnesses about their expected testimony. Since his spouse was a co-actor in the sexual abuse of a child, the court notes that his spouse's sentencing testimony may have been subjected to impeachment by the government. Appellant has failed to establish his counsel was ineffective for failing to call defense witnesses during presentencing. *Clemente*, 51 M.J. at 550.

### 2. *Record Incomplete to Conduct Appellate Review*

Appellant asserts that the actual images of child pornography had to be introduced as evidence to support his guilty plea. Appellant asserts that without the actual images, this court cannot conduct an adequate Article 66, UCMJ review.

Appellant agreed that the facts contained in the stipulation of fact were true and admissible at trial. As an initial matter, it is within the sound discretion of a defense counsel, in consultation with their client, to decide which exhibits should be attached as part of the stipulation of fact, if any. Strategic and tactical decisions are within the sole discretion of the defense counsel. *United States v. Dobrava*, 64 M.J. 503, 505 (Army Ct. Crim. App. 2006). Introduction of images of child pornography can be far more aggravating than a thousand words describing the images. To minimize aggravation evidence, a defense counsel may decide that it is more advantageous for their client not to present the actual images of child pornography to the court.

4

Either way, additional evidence is not required to be attached to a stipulation of fact or introduced at trial to provide extrinsic proof of the facts already agreed upon by the parties in the stipulation of fact. "The government is not required to introduce evidence of appellant's guilt when an accused enters a plea of guilty." *United States v. Updegrove*, ARMY 20160166, 2017 CCA LEXIS 36, *3 (Army Ct. Crim. App. 23 Jan. 2017), *pet. denied*, 2017 CAAF LEXIS 581 (C.A.A.F. 5 Jun. 2017). "Although child pornography images are often admitted as exhibits at trial, there is no statutory or regulatory requirement that such images be admitted as exhibits in a guilty plea case when the court is otherwise satisfied an accused has providently admitted they constitute child pornography." *United States v. Rominger*, ARMY 20080423, 2009 CCA LEXIS 315, *4-5 (Army Ct. Crim. App. 8 Jun. 2009), *pet. denied*, 68 M.J. 230 (C.A.A.F. 2009). This court routinely conducts Article 66, UCMJ reviews of records of "naked guilty pleas" that do not have a stipulation of fact or other extrinsic evidence introduced to support the guilty plea. In this case, the parties completed a stipulation of fact.

As the military judge explained and appellant agreed, the "contents of the stipulation of fact are true, and if entered into evidence, are uncontradicted facts in this case." Appellant agreed that the stipulation of fact could be used to determine if appellant was in fact guilty of the offenses, ordinarily cannot be contradicted, and the content was true and correct. Appellant entered a correct and valid plea of guilty to the offenses.

Appellant, using a file name for each image, explained to the military judge why each of the twenty-one images he possessed and ten images he distributed, was child pornography. Our review of the record establishes that the appellant provided sufficient details about the thirty-one images to establish a factual basis that the images were both in law and fact child pornography.

The facts elicited in the providence inquiry were consistent with appellant's stipulation of fact. The colloquy between appellant and the military judge adequately established appellant's guilt to the offenses.

**CONCLUSION**

The findings of guilty and the sentence are AFFIRMED.

Senior Judge MULLIGAN and Judge WOLFE concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

5